Dewey, J.
It is not contended, on the part of the plaintiff, that the defendants are chargeable to the extent of common carriers of merchandise ; but it is insisted that there existed the relation of carriers of persons, and that all the liabilities incident to that relation attached to the defendants, as respects the wife of the plaintiff, while being transported from Worcester to Boston. The plaintiff’s wife, for an injury to whom this action is brought, did not procure her original ticket for a passage from Worcester to Boston at any station office of the Boston and Worcester railroad, but at some point on the Western railroad; and at one of their offices, purchased a through ticket from Springfield, or some place further west; to Boston, entitling her to pass over the Western railroad and the Boston and Worcester railroad. Whether, at /the time of the purchase of the ticket, she received a Boston and Worcester railroad ticket, or only a through ticket to Boston, however that may be, she became, before reaching Worcester, by exchange of ticket, as practised by the conductors, the holder of a ticket of the Boston and Worcester railroad, and one entitling her to a passage from Worcester to Boston, and received by the conductor as such.
*29 It is, in our view, quite immaterial where she may have obtained this Boston and Worcester railroad ticket. If the defendants adopt this mode of furnishing their tickets to agents to sell elsewhere, either at other railroad stations, or in connection with stages, or if they agree with another contiguous railroad company, that a ticket be issued which is to entitle the purchaser to pass on both roads, and which, upon being shown to the conductor of the Boston and Worcester road, is to have all the benefits of ordinary tickets, and to be received by him as such ticket, it is, to all intents and purposes, the same thing to the traveller as a ticket purchased at the office of the Boston and Worcester railroad; and the rights of the passenger and the liabilities of the company are the same as if the ticket had been purchased at the office of the Boston and Worcester railroad company, for the mere passage from Worcester to Boston.
Whether the Western railroad might also be charged for this injury, happening on the Boston and Worcester road, if the plaintiff had elected to resort to that company in the first instance, and if the facts had been that the Western railroad had sold to the plaintiff a through ticket, so called, we have no occasion to decide, as no such action is before us. The present case does not raise that question.
It is, however, urged that the liability of a passenger carrier ought not to attach to the Boston and Worcester railroad, as to passengers occupying seats in cars owned by the Western railroad, which pass from Worcester to, Boston. To present this point fully, however, it is to be borne in mind, that, although a car of the Western railroad is thus used by the passengers arriving by the Western railroad on their further transit to Boston, yet this car is at once transferred to the Boston and Worcester railroad, is -attached to their engine, and is wholly committed to the supervision and control of the Boston and Worcester road, their agents and conductors, and the control and agency of the Western railroad is wholly withdrawn. The conductor of the Boston and Worcester road demands of each passenger in these cars the usual fare for a passage to Boston, or a ticket entitling him to the same *30 and, as is stated in the case, on through tickets, entitling to a passage from Boston to Albany or Albany to Boston, the defendants are allowed, by mutual arrangement, for each passenger, a stated and stipulated sum for carrying them over their road.
It is also further found, as a part of the facts of the present case, that the injury sustained by the plaintiff’s wife was not in any degree attributable to any defect in the car used on that occasion. The whole ground of complaint, for which this action is instituted, is for neglect of duty on the part of the defendants in their railroad track, which is alleged to have been out of proper repair; and by reason of negligence in this respect solely, the injury was sustained by the plaintiff’s wife.
It was urged further, on the part of the defendants, that, as the default complained of was a defect in the road track, the defendants should only be held responsible for ordinary care and diligence, agreeable to the rule applicable to common highways.
This point might be more appropriately presented in a case of negligence, as to the road track of one corporation used by another, paying tolls for the use, but running their own engine, cars, &c., and all under the exclusive control and direction of conductors and servants of their own. The question as to the degree of care required as to the road track would, in such a case, directly arise ; and the court might be called upon to say, whether the care and diligence demanded of a railroad corporation, as to its road track, could reasonably be deemed less, considering the peril to life and limb, which would be occasioned by negligence in that respect, than that high degree of care and diligence which the law requires of all carriers of persons; that is, whether the law would not require the highest practical care and oversight, as to safety of the road track, and exonerate the railroad company only from liability for injuries resulting from those latent defects which the most vigilant care and oversight could not guard against.
But, in the view we- have taken of the present ease, the *31 defendants were the carriers of the plaintiff’s wife, and, as respects her, liable to all the duties of common carriers of persons. These duties, as respects a railroad carrying persons upon their own road, would require a suitable road, with rails properly laid, as well as suitable cars, engine, conductors, &c., the whole combined making the mode of conveyance for which the defendants were paid, and as to which their liability attached. In the various cases that have been the subject of judicial investigation, where damages have been claimed for injury to the person while travelling upon the railroad, we believe the rule has always been adopted, of holding the parties to the highest responsibility that attaches to carriers of persons.
In the present case, there' is nothing to take it out of the general rule. The result is, therefore, that judgment must be entered on the verdict for the plaintiff.

Judgment for the plaintiff.